IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No.: 17-51636 |
| ) | |
| CHRISTINA T. BEYON, ) | Adversary Proceeding No. 18-5059 |
| ) | |
| Debtor, ) | Chapter 7 |
| ) | |
| ) | Judge Alan M. Koschik |
| ) | |
| HAROLD A. CORZIN, TRUSTEE, ) | |
| ) | ANSWER OF THE UNITED STATES OF |
| Plaintiff, ) | AMERICA, ON BEHALF OF THE |
| ) | INTERNAL REVENUE SERVICE |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

NOW COMES the United States of America, on behalf of its agency, the Internal Revenue Service (the "Service")[1], by its attorney, Justin E. Herdman, United States Attorney for the Northern District of Ohio, through Suzana K. Koch, Assistant U.S. Attorney, and for its answer to Plaintiff's *Amended Complaint [for the] Determination of Lien, Validity, Priority, and Amount; Alter Ego Determination; and Determination of Property of the Estate* admits, denies and alleges as follows:

1. Admits the allegations of paragraph 1 of the Amended Complaint.

---

[1] The United States notes that, while requiring service under Bankruptcy Rule 7004(b), neither the Attorney General of the United States nor the U.S. Attorney for the Northern District of Ohio is a proper party to this adversary proceeding.

2. Admits the allegations of paragraph 2 of the Amended Complaint.

3. Admits the allegations of paragraph 3 of the Amended Complaint.

4. Admits the allegations of paragraph 4 of the Amended Complaint.

5. Admits the allegations of paragraph 5 of the Amended Complaint.

6. Denies the allegations of paragraph 6 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Denies the allegations of paragraph 7 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Denies the allegations of paragraph 8 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Admits the allegations of paragraph 9 of the Amended Complaint.

10. Denies the allegations of paragraph 10 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

11. This is a statement to which no answer is required; to the extent the Court deems an answer necessary, the United States denies the allegations of paragraph 11 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Admits that the Service is a secured creditor in the Debtor's underlying Chapter 7 proceeding by virtue of a Notice of Federal Tax Lien ("NFTL") filed on or about March 15, 2018 against American Metal and Wood Salvage, Inc. ("American Metal"), the now-defunct entity in which the Debtor is alleged to have been the sole shareholder, stemming from the assessment of American Metal's 2014 corporate income tax liability on or about January 9, 2017. An NFTL filed after a corporation dissolves attaches to the remaining assets of the corporation. In this case,

the asset is the May 16, 2018 check from Cuyahoga County Land Reutilization Corporation ("Cuyahoga.") As an asset of the corporation, the March 15, 2018 NFTL in the amount of $137,413.46 attaches to the check. The Service's lien interest in American Metal's real and personal property arose on the date of assessment of the 2014 income tax liability, January 9, 2017. The Service's lien under 26 U.S.C. § 6321 attached to the accounts payable of American Metal, which included the Cuyahoga account for work during 2016.

13.   Denies the allegations of paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14.   This is a statement to which no response is required; to the extent the Court requires a response, the United States admits the allegations of paragraph 14 of the Amended Complaint.

The United States denies any allegation not hereinbefore specifically admitted or denied,

WHEREFORE the United States prays that the Court determine that the Service's interest in the check has priority over that of the nonlienholder, the debtor/shareholder, and that the proceeds from the check are not property of the state by virtue of the Service's lien interest.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:  /s/ Suzana K. Koch
    Suzana K. Koch (OH: 0073743)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3748
    (216) 522-4982 (facsimile)
    Suzana.Koch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on **September 7, 2018,** a true and correct copy of the foregoing *ANSWER OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE INTERNAL REVENUE SERVICE* was served:

Via the court's Electronic Case Filing System on the U.S. Trustee and these entities and individuals who are listed on the court's Electronic Mail Notice List:

Harold A. Corzin, Chapter 7 Trustee, athcorzin@csu-law.com, ccorzin@aol.com; oh32@ecfcbis.com

Michael J. Moran, on behalf of Plaintiff Harold A. Corzin, Trustee, at mike@gibsonmoran.com, moranecf@gmail.com; r55982@notify.bestcase.com

I further certify that, on September 7, 2018 or on the next business day thereafter, a copy of the foregoing *ANSWER OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE INTERNAL REVENUE SERVICE* was served by regular U.S. mail, postage prepaid, on:

American Metal and Wood Salvage, Inc.  
c/o Christina T. Beynon  
177 N. Pershing Avenue  
Akron, OH 44313  

Christina T. Beynon  
177 N Pershing Avenue  
Akron, OH 44313  

      /s/ Suzana K. Koch  
      Suzana K. Koch (OH: 0073743)  
      Assistant United States Attorney  
      United States Court House  
      801 West Superior Avenue, Suite 400  
      Cleveland, OH 44113  
      (216) 622-3748  
      (216) 522-4982 (facsimile)  
      Suzana.Koch@usdoj.gov